UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN DOUGLAS MCGEE,               ) | |
|                                    ) | |
| Plaintiff,                         ) | |
|                                    ) | |
| v.                                 ) | Case No. 4:21-CV-1308 NAB |
|                                    ) | |
| JULIE INMAN, et al.,               ) | |
|                                    ) | |
| Defendants.                        ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Kevin Douglas McGee, a civilly committed resident at the Southeast Missouri Mental Health Center ("SMMHC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. Having reviewed the financial information submitted in support, the Court finds the request should be granted.[1] *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court will direct plaintiff to submit an amended complaint in compliance with the instructions herein.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] The Court notes plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. He has filed several civil rights complaints pursuant to 42 U.S.C. § 1983, which have been dismissed on initial review for failure to state a claim or legal frivolity. Plaintiff has also filed more than a dozen petitions for habeas corpus, which have been denied. However, because plaintiff is currently confined at SMMHC in Farmington, Missouri, he is not subject to the inmate account procedures and three-strikes rule contained within the Prison Litigation Reform Act ("PLRA"). *Kolocotronis v. Morgan*, 247 F. 3d 726, 728 (8th Cir. 2001).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On October 12, 2021, plaintiff filed the instant action in the United States District Court for the Western District of Missouri. ECF No. 1. The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF No. 3.

Plaintiff's complaint was drafted on a Western District of Missouri's form complaint for civil rights actions pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff names seven defendants in their individual capacities: (1) Julie Inman, (2) Denise Hacker, (3) Michael Spillane, (4) Dr. Rich Gowdy, (5) Mark Stringer, (6) Stephen Hawke, and (7) Debra Miles.

Plaintiff left blank the space provided on the form complaint to state the facts of his claim and describe the conduct he alleges violated his constitutional rights. *Id.* at 3. For relief, he seeks $3 million in monetary damages and "to rejoin [his] family in Vero Beach, Florida." *Id.* at 2, 4.

## Discussion

Plaintiff's complaint is subject to dismissal because he has not alleged any facts in support of the claims he wishes to bring before this Court. Simply checking boxes on a form complaint is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint to clearly set forth the claims he wishes to bring before this Court and the factual allegations in support of those claims. He must submit his amended complaint on this Court's civil rights complaint form, and shall not use a form from the Western District of Missouri. His amended complaint must also comply with the instructions provided in this Memorandum and Order.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be simple, concise, and direct); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint

5

by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Because plaintiff is proceeding *in forma pauperis*, plaintiff is advised the Court will review the amended complaint under 28 U.S.C. §§ 1915 and 1915A, and related authority.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of November, 2021.