UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN DOUGLAS MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1308-NAB |
| ) | |
| JULIE INMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Kevin Douglas McGee initiated this case on October 12, 2021 in the United States District Court for the Western District of Missouri. ECF No. 1. The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF No. 3. Plaintiff's complaint was drafted on a Western District of Missouri's form pursuant to 42 U.S.C. § 1983 against seven Missouri Department of Mental Health employees. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2.

On November 3, 2021, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because plaintiff "left blank the space on the form complaint to state the facts of his claim and describe the conduct he alleges violated his constitutional rights." ECF No. 5. The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies, provided him with clear instructions on how to amend, and mailed him two blank Civil Rights Complaint forms.

Plaintiff's amended complaint was due on December 3, 2021. To date, however, he has neither complied with the Court's November 3, 2021 Order, nor sought additional time to do so.

The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's Order to amend his original complaint and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of December, 2021.

                                                  HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE