# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN DOUGLAS MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1308-NAB |
| ) | |
| JULIE INMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon self-represented plaintiff Kevin Douglas McGee's post-judgment filing titled, "Amended Complaint title 18 636(c)1, 30(b)1 U.S.C. 2255 and under Missouri Constitutional Laws, Article 5 Section 14, 28 U.S.C.; Rule 9 Motion of Objection to Respondent's Extension of Time Order Being Granted." ECF No. 9. Within this document, plaintiff requests the Court to "grant his objection to respondent's exten[s]ion of time" and to schedule an evidentiary hearing. Plaintiff appears to base his request on the assertion that he is being unlawfully confined. For the reasons explained below, the Court will deny the motion.

Plaintiff initiated this case on October 12, 2021 in the United States District Court for the Western District of Missouri. ECF No. 1. The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF No. 3. Plaintiff's complaint was drafted on a Western District of Missouri's form pursuant to 42 U.S.C. § 1983 against seven Missouri Department of Mental Health employees.

On November 3, 2021, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because plaintiff "left blank the space on the form complaint to state the facts of his claim and describe the conduct he alleges violated his constitutional rights."

ECF No. 5. The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies, provided him with clear instructions on how to amend, and mailed him two blank Civil Rights Complaint forms. The Court cautioned him that his case would be dismissed if he failed to timely comply.

Plaintiff's amended complaint was due on December 3, 2021. Plaintiff did not file an amended complaint and did not seek additional time. Consequently, on December 22, 2021, this action was dismissed without prejudice due to plaintiff's failure to comply with the Court's Order to amend his original complaint and failure to prosecute his case. ECF Nos. 7, 8. *See also* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

The instant post-judgment filing was received by this Court on January 3, 2022. ECF No. 9. Although plaintiff partially titles the document as an "amended complaint," it is not on a Court-form, does not assert any allegations against the named defendants, and does not include a statement of the claim. Instead, the filing requests the Court to "grant his objection to respondent's exten[s]ion of time" and to schedule an evidentiary hearing in this closed matter. As reflected by the docket sheet, none of the named defendants have filed any motions or other documents in this matter. Additionally, plaintiff's request for a hearing is inappropriate. Plaintiff is reminded this case is now closed, and he may not continue to file motions or other documents in an attempt to advance or support previously-filed claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Amended Complaint title 18 636(c)1, 30(b)1 U.S.C. 2255 and under Missouri Constitutional Laws, Article 5 Section 14, 28 U.S.C.; Rule 9 Motion of Objection to Respondent's Extension of Time Order Being Granted" [ECF No. 9] is **DENIED**.

                                              NANNETTE A. BAKER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2022.